KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Alberto Varela Alvarado, | No.   CV-26-00673-PHX-MTL (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| Christopher D. McGregor, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

**I.    Dismissal of Improper Respondents**

Petitioner names the United States Department of Homeland Security and the Executive Office for Immigration Review as Respondents. These entities are not proper respondents in a § 2241 immigration proceeding, and the Court will dismiss them. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition.").

**II.   Petition**

Petitioner raises the issue of whether his immigration detention violates the Due Process Clause of the Fifth Amendment. He argues his continued detention while awaiting removal proceedings violates his due process rights because it prohibits "his ability to be with his children, make decisions regarding their care and custody, and exercise control

over them." (Doc. 1 at 17) (internal citations omitted). Petitioner further argues his detention violates his due process rights because, purportedly, there has been no "consideration for [Petitioner's] release on bond," and Petitioner lacks "access to a legitimate bond hearing." (*Id.* at 27.)

In the alternative, Petitioner raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners.

Based on the foregoing, Respondents must respond to the Petition. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) Petitioners United States Department of Homeland Security and the Executive Office for Immigration Review are **dismissed without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition (Doc. 1) upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at

melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

    (5)    Respondents must respond to the Petition no later than **February 18, 2026**.

    (6)    Petitioner may file a reply no later than **February 25, 2026**.

Dated this 4th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge