# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Alberto Varela Alvarado, | No. CV-26-00673-PHX-MTL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher McGregor, et al., | |
| Respondents. | |

**I.**

Petitioner, a citizen of Mexico, entered the United States in approximately 2003 without inspection. (Doc. 1 ¶ 35.) Immigration officials apprehended Petitioner on January 22, 2026. (*Id.* ¶ 39.) Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond redetermination hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 4 at 2-3.)

**II.**

**A.**

For the reasons explained in *Chavez v. Noem*, 819 F. Supp. 3d 958, 959-61 (D. Ariz. 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *See also Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Based on this record, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner to be clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner's statutory and regulatory claims must be denied.

**B.**

To the extent Petitioner alleges that his prolonged detention violates his Fifth Amendment due process rights, he is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the Immigration and Nationality Act ("INA"). An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, No. 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigrant Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process Congress provided by statute. Petitioner is entitled to nothing further under the Constitution.

**C.**

The Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, 813 F. Supp. 3d 692, 695 (N.D. Tex. 2025). On March 31, 2026, the Ninth Circuit Court of Appeals stayed the *Bautista* declaratory judgment pending appeal, reasoning in part that the government made a "strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class." *See Bautista v. Exec. Off. for Immigr. Rev.*, No. 25-7958 (9th Cir. Mar. 31, 2026). If Petitioner believes

he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

**D.**

The Court also rejects Petitioner's claim that his detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), as being arbitrary and capricious. Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704, "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review."  5 U.S.C. § 704 (emphasis added).  By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that "claims under the APA are not available when there is another adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))).

For all these reasons, the Petition must be denied.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  This action is dismissed, all pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly.

Dated this 1st day of June, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge